## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re: **LAURA B. ALDERMAN**                           Case No. 06-32807-DOT
       Chapter 7 Debtor

    **CARRIE A. NAATZ**
        Plaintiff
   v.                                                          Adv. Proc. No. 07-03003-DOT

    **LAURA B. ALDERMAN**
        Defendant

## MEMORANDUM OPINION AND ORDER

### Issues and procedural history

      Before the court is defendant Laura Alderman's motion to dismiss this adversary proceeding. Plaintiff Carrie Naatz originally filed a multi-count complaint against defendant on January 16, 2007, and amended it on June 27, 2007. Defendant originally filed a motion to dismiss the complaint on February 14, 2007, and amended it on July 9, 2007.

      Another issue pending in the adversary proceeding is the motion of plaintiff to transfer venue of the proceeding to Massachusetts. On March 21, 2007, the court ruled that a determination of the venue issue would be deferred until the issues had been further narrowed by the filing of an amended complaint.

      After the amended motion to dismiss was filed, the parties continued the status hearing in this case multiple times. On January 29, 2008, the parties filed a consent order in which they agreed that the only counts remaining at issue in the amended complaint were count VII and counts IX through XIV. The filing of the consent order has narrowed

1

the issues, and a ruling on the amended motion to dismiss and the motion to transfer venue is now appropriate.

A third issue before the court is plaintiff's November 9, 2008, motion to amend the complaint a second time to address certain facts discovered from the Massachusetts Bar Association with respect to defendant's personal bank account records. Plaintiff requests that she be allowed to add a count of fraud to those counts that remain in dispute. Defendant has objected, arguing that plaintiff has had ample time to investigate the facts surrounding her complaint and that a motion to amend is untimely at this point. On January 22, 2008, the court held a hearing on the motion to amend, at which it advised plaintiff to file the proposed amended complaint for the court's consideration. On March 5, 2008, plaintiff filed her proposed amended complaint with the court. The issue of whether the court should allow the complaint to be amended as plaintiff proposes is now ripe for consideration.

**Conclusions of law**

Motion to dismiss. The court will address the motion to dismiss first, since its resolution may affect the ruling on the other outstanding motions. In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts., Inc. v. J.D. Assoc.*, 213 F.3d 175, 180 (4th Cir. 2000). The court must then determine whether the complaint is legally sufficient under the facts as alleged. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

While notice pleading is generally sufficient under the federal rules of civil procedure, where fraud is alleged, a plaintiff must plead it with particularity, so as to enable the defendant to develop a proper defense. *Broadnax v. Dep't of Veteran Affairs Washington Mut. Bank*, No. Civ.A. 2:04CV693, 2005 WL 1185809, at *8 (E.D. Va. May 19, 2005). S*ee also* Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009(b). In *Schnelling v. Crawford (In re James River Coal Co),.* 360 B.R. 139 (Bankr. E.D. Va. 2007), Judge Huennekens quoted *U.S. ex rel Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 921 (4th Cir. 2003), to explain the reasoning behind the particularity requirement:

> First the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of….Second, Rule 9(b) protects defendants from harm to their goodwill and reputation…[A] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts.

360 B.R. at 162. Analysis of the motion to dismiss in light of the above standards requires the dismissal of two counts of the amended complaint.

In count VII, plaintiff alleges fraud and embezzlement arising out of removal of funds from plaintiff's IOLTA real estate account. The transaction and accounts at issue are identified in the amended complaint with specificity. Defendant argues that there has been no allegation that funds were improperly removed from the account at issue. However, the amended complaint clearly states that "Alderman made the disbursement…from the Robinson IOLTA Real Estate Account."[1] Therefore, finding that the count is legally sufficient under the facts as pled, the court will deny the motion to dismiss this count.

---

[1] Robinson is the maiden name of plaintiff Naatz.

3

In count IX, plaintiff alleges fraud and embezzlement arising from defendant's actions with regard to the application of a retainer deposit of a specifically identified client. Defendant has made no allegation that the complaint is legally deficient. Rather, defendant's motion to dismiss asserts that there are fact questions remaining. Because defendant's argument is over the facts alleged by plaintiff rather than the legal sufficiency of the motion itself, dismissal is improper at this stage of the proceeding. Therefore, the court will deny the motion to dismiss this count.

In count X, plaintiff alleges identity theft and fraud because of defendant's forging plaintiff's name as attorney on defendant's bankruptcy petitions. In this count, plaintiff has failed to allege that she has been damaged by the actions of defendant, an essential element in a claim for recovery in a fraud action. Under either Virginia or Massachusetts law, the elements necessary to state a claim of actual fraud include injury.[2] Having not alleged that she has been damaged by the actions of defendant set forth in this count, plaintiff has not pled all elements of the claim and therefore is not entitled to relief. The court will grant the motion to dismiss this count.

In count XI, plaintiff alleges breach of fiduciary duty, fraud and embezzlement arising from defendant's use of a business account for personal expenses on various occasions from October 2005 through February 2006. This count is specific enough to withstand a motion to dismiss, as it gives defendant sufficient information from which to form a defense. It identifies both the account and the period of time at issue. Further facts

---

[2] In Virginia, the elements of fraud are: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with the intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). In Massachusetts, fraud requires "proof of (1) misrepresentation as to a material fact, (2) intent to induce action by the misrepresentee, (3) knowledge of falsity or recklessness as to the truth, (4) reliance on the misrepresentation, and (5) resulting damage." *New Webster Nursing Home, Inc. v. Roy*, No. CA 931909B, 1995 WL 809900, at *5 (Mass. Super. May 30, 1995).

4

may be obtained through discovery. Therefore, court will deny the motion to dismiss this count.

In count XII, plaintiff alleges identify theft and forgery of credit card accounts arising from defendant's application for credit using plaintiff's name. As in Count X, in this count plaintiff has failed to allege that she has been damaged by the actions of defendant. Having not alleged that she has been damaged by the actions of defendant set forth in this count, plaintiff's complaint is legally insufficient on this count. The court will therefore grant the motion to dismiss count XII.

In count XIII, plaintiff alleges forgery, embezzlement and identity theft arising from defendant's signing and cashing checks payable to plaintiff on various occasions between October 2005 and February 2006. This count is specific enough to withstand a motion to dismiss, as it gives defendant sufficient information from which to form a defense. It identifies both the actions complained of and the period of time at issue. Further facts may be obtained through discovery. Therefore, the court will deny the motion to dismiss this count.

In count XIV, plaintiff alleges that defendant improperly withdrew funds from a partnership IOLTA account. As in count IX, Defendant has made no allegation that count XIV is legally deficient. Rather, defendant's motion to dismiss asserts that there are fact questions remaining. Because defendant's argument is over the facts alleged by plaintiff rather than the legal sufficiency of the motion itself, dismissal is improper at this stage of the proceeding.  Therefore, the court will deny the motion to dismiss this count.

<u>Motion to transfer venue</u>. A court may transfer an adversary proceeding to a court for another district, in the interest of justice or for the convenience of the parties. *See* Fed.

R. Bankr. P. 7087. In deciding whether to transfer venue of an adversary proceeding, the court in *Nurses Onsite Corp. v. Murphy (In re Nurses Onsite Corp.)*, Adv. Pro. No. 07-1008, 2007 WL 1695348, at *1 (Bankr. E.D.Va. June 7, 2007), considered the "economics of estate administration, presumption in favor of the 'home court'; judicial efficiency; the ability to receive a fair trial; the state's interest in having local controversies decided within its borders, by those most familiar with its laws; the enforceability of any judgment rendered; and the plaintiff's original choice of forum."

The court will not grant the motion to transfer venue because an adjudication of the remaining counts does not require the parties to gather or present substantial evidence from witnesses who would then be required to appear in this court. Further, requiring the case to be proven here will not unduly inconvenience the parties. While it is true that plaintiff lives in Massachusetts, that alone does not suffice to transfer venue to that state. Further, plaintiff has not demonstrated to the court that any of the factors listed in *Nurses Onsite Corp.* are implicated in this adversary proceeding.

Finally, the court turns to the motion to amend. On March 5, 2008, plaintiff filed a proposed additional count to the amended complaint, based upon §§ 523(a)(4) and 523(a)(11) of the Bankruptcy Code. Having reviewed the proposed additional count, the court is of the opinion that the motion to amend should be granted, since §§ 523(a)(4) and 523(a)(11) pleadings may be filed at any time. Fed. R. Bankr. P. 4007(b). Judicial economy and the interests of the parties mandate that these issues be resolved together.

IT IS ORDERED that the motion to dismiss the amended complaint is GRANTED as to counts X and XII, and those counts are DISMISSED, and it is further

6

ORDERED that the motion to dismiss the amended complaint is DENIED as to counts VII, IX, XI, XIII and XIV, and it is further

ORDERED that the motion to transfer venue is DENIED, and it is further

ORDERED that the motion to further amend the amended complaint is GRANTED to allow plaintiff Carrie Naatz to add that count set forth in her pleading filed with this court on March 5, 2008, and it is further

ORDERED that ruling on defendant's request for attorney's fees made in conjunction with the motion to compel filed on November 27, 2007, is DEFERRED, pending the resolution of other legal issues raised in this adversary proceeding.

Signed: March___, 2008

    /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copies to:

Carrie Naatz
19 Arnodale Avenue
Holyoke, MA 01040
*Pro se Plaintiff*

Bruce W. White, Esquire
7110 Forest Avenue, Suite 204
Richmond, Virginia 23226
*Counsel for Debtor Laura B. Alderman*